**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

----------------------------------------------------------------x
AMERICAN HERITAGE TEXTILES, LLC,

Plaintiff,

v.

Civil Action No. ____________

DUKE IMPORTS, INC. and DOE DEFENDANTS 1-8,

**DEMAND FOR JURY TRIAL**

Defendants.
----------------------------------------------------------------x

**COMPLAINT**

Plaintiff American Heritage Textiles, LLC ("AHT" or "Plaintiff"), by and through its undersigned counsel, alleges as follows:

**INTRODUCTION**

Plaintiff American Heritage Textiles, LLC is a Kentucky-based designer and manufacturer of home textile products, including quilts, comforters, and coordinating bedding, which it sells under its well-known "Donna Sharp" brand. AHT's Donna Sharp designs are original works of authorship reflecting significant artistic skill, creativity, and craftsmanship, and are widely recognized within the home textile industry and by consumers. Eight (8) of AHT's copyrighted Donna Sharp designs are at issue in this litigation (the "Original Works").

Defendant Duke Imports, Inc. ("Duke" or "Defendant"), together with Doe Defendants 1-8 (collectively, "Defendants"), has purchased overseas-manufactured knockoff quilts and bedding products bearing designs that are identical, or substantially similar, to the Original Works (the "Infringing Designs"). Defendants have imported, marketed, distributed, offered for sale, and sold quilts, bedding, and related products embodying the Infringing Designs (the "Infringing Products") throughout the United States, including in this District.

Plaintiff provided written notice to Duke of AHT's copyright registrations and of Duke's unauthorized use of the Infringing Designs while shipments of the Infringing Products were still in transit to the United States. Rather than cease its infringing conduct or communicate with Plaintiff, Duke proceeded—within days—to display, market, and sell Infringing Products bearing the Infringing Designs at a national home textile tradeshow in Dallas, Texas, and has continued to distribute Infringing Products bearing the Infringing Designs to its retail customers since that time. Duke's conduct constitutes knowing, deliberate, and willful infringement of AHT's exclusive rights under the Copyright Act, causing immediate and irreparable harm to AHT's business, goodwill, and customer relationships.

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, 17 U.S.C. §§ 101, *et seq*.

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. This Court has personal jurisdiction over Defendant Duke Imports, Inc. because it is a corporation organized and existing under the laws of the State of New York and is therefore subject to general personal jurisdiction in this State.

4. In addition, Duke has purposefully availed itself of the privilege of conducting business in New York and in this District by marketing, offering for sale, distributing, and selling the Infringing Products to consumers, wholesale customers, and retailers located in, or doing business in, this District through its website, its Amazon and Faire storefronts, and its wholesale relationships with retailers.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1400(a) because Duke resides and may be found in this District.

6. In the alternative, venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) and (c) because Duke resides in this District for venue purposes.

7. Venue is also proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Plaintiff's claims occurred in this District, including Duke's importation, marketing, offering for sale, distribution, and sale of the Infringing Products to customers and retailers in this District, and the resulting injury to Plaintiff.

## PARTIES

8. AHT is a limited liability company organized and existing under the laws of the Commonwealth of Kentucky, with its principal place of business in Kentucky.

9. Duke is a corporation organized and existing under the laws of the State of New York. Duke manufactures, imports, markets, distributes, and sells home textile products, including quilts and bedding, throughout the United States through its websites, its Amazon and Faire storefronts, industry tradeshows, and direct wholesale relationships with retailers.

10. Upon information and belief, Doe Defendants 1-8 are individuals and entities whose true names and capacities are presently unknown to Plaintiff and who participated in the creation, manufacture, importation, distribution, marketing, offering for sale, and/or sale of the Infringing Products. These Doe Defendants include, without limitation, unidentified overseas manufacturers, designers, suppliers, distributors, retailers, resellers, and other persons or entities who created, copied, manufactured, supplied, imported, marketed, distributed, displayed, offered for sale, and/or sold the Infringing Products without Plaintiff's authorization. Plaintiff will seek leave to amend this Complaint to substitute the true names and capacities of the Doe Defendants when they are ascertained through discovery.

## BACKGROUND

*AHT's Copyrighted Designs*

11. AHT designs and sells quilts, comforters, and coordinating home textile products under its "Donna Sharp" brand, which is well known and respected in the home textile industry.

12. AHT created, and owns all right, title, and interest in and to eight (8) Original Works, each of which is the subject of a valid U.S. Copyright Registration, as identified in the table below.

| AHT "Donna Sharp" Design | Copyright Reg. No. | Effective Date of Registration | Duke's Infringing Product |
|---|---|---|---|
| Cardinal Pine | VAu 1-535-312 | August 14, 2024 | Evergreen Cardinal |
| Evergreen (exclusive to Black Forest Décor) | VAu 1-569-475 | August 19, 2025 | Pine Star |
| Pine Star | VAu 1-523-990 | February 16, 2024 | Pine Grove |
| Smoky Star | VAu 1-559-327 | March 25, 2025 | Charming Star |
| Peach Rose | VAu 1-535-505 | July 10, 2024 | Earth Tones |
| Red Forest | VA 2-287-327 | November 4, 2021 | Midnight Mountain |
| Timber | VA 2-279-313 | November 5, 2021 | Midnight Trails / Mountain Trails |
| Woodland Patch | VAu1-558-795 | March 25, 2025 | Rustic Wilderness |

13. True copies of the U.S. Copyright Registration Certificates for each of the Original Works are attached as **Exhibit A**.

14. Each of the Original Works was registered with the United States Copyright Office prior to Defendants' infringing conduct as set forth herein.

15. Because the effective date of registration for each of the Original Works precedes the commencement of Defendants' infringement of that work, Plaintiff is entitled to elect an award of statutory damages, including enhanced statutory damages for willful infringement, and to recover its attorneys' fees and costs, pursuant to 17 U.S.C. §§ 412, 504(c), and 505.

16. The Original Works embody numerous original and protectable elements of artistic expression, including, without limitation, the original selection, coordination, arrangement, composition, placement, scale, orientation, color palette, and spatial relationship of recurring visual elements. These protectable expressive elements include distinctive patchwork block arrangements; combinations of stars, pine trees, cardinals, bears, cabins, florals, leaves, and other nature-inspired motifs; decorative borders and sashing; fabric patterns and prints; geometric quilting layouts; and the deliberate organization of those elements into cohesive rustic and lodge-themed quilt designs.

17. The Original Works further reflect AHT's original creative choices concerning the overall visual composition, balance, proportion, texture, color harmony, and aesthetic appearance of each design.

18. Among the Original Works is the Evergreen design corresponding to Registration No. VAu1-569-475, which AHT created as an exclusive design for Black Forest Décor ("Black Forest"), AHT's largest wholesale customer.

19. AHT has displayed, marketed and sold products bearing the Original Works to the public and to its wholesale customers, including through its website and its business relationships with retailers such as Black Forest.

*Discovery of the Infringing Designs and Products*

20. Upon information and belief, Duke did not independently create the Infringing Designs, but instead obtained the Infringing Products , directly or indirectly, from an overseas manufacturer or source that copied AHT's Original Works without authorization.

21. Upon further information and belief, the same or an affiliated overseas source may have supplied similar infringing designs to at least one additional wholesaler, such that the unauthorized reproduction and distribution of the Original Works is broader in scope than Duke's conduct alone.

22. Duke purchased the Infringing Products from manufacturers located in China and imported them into the United States for resale.

23. Without Plaintiff's authorization, Duke has manufactured, imported, marketed, displayed, distributed, and/or sold Infringing Products bearing designs identical, or substantially similar, to each of AHT's eight (8) Original Works, as identified in the table above.

24. Annexed hereto as **Exhibit B** are side-by-side comparisons demonstrating that the Infringing Products are identical, or substantially similar, to Plaintiff's Original Works.

25. Duke has offered, and continues to offer, the Infringing Products for sale through multiple channels, including Duke's wholesale and retail websites (dukeimports.com and dukeonlineinc.com, respectively), Duke's Amazon storefront (marketed under the "Virah Bella" brand), Duke's Faire storefront, industry tradeshows, and direct wholesale sales to retailers.

26. The Infringing Designs, as embodied in the Infringing Products, copy the protectable expressive elements of the Original Works, including, without limitation, their original selection, coordination, arrangement, composition, color palettes, patchwork block layouts, geometric quilting patterns, decorative borders and sashing, nature-inspired motifs, fabric patterns, and the overall visual composition, aesthetic appearance, and total concept and feel of the Original Works.

*Notice and Duke's Willful Continuation of Its Infringing Conduct*

27. On June 8, 2026, Plaintiff, through undersigned counsel, sent Duke a written cease-and-desist letter (the "Notice") advising Duke of AHT's copyright registrations in five of the Original Works—Cardinal Pine, Evergreen, Pine Star, Smoky Star, and Peach Rose—identifying the corresponding Infringing Designs and Infringing Products, and demanding that Duke immediately cease all further importation, marketing, distribution, offering for sale, and sale of the Infringing Products. At the time Duke received the Notice, several shipments of the Infringing Products remained in transit to the United States and had not yet been received by Duke.

28. Duke neither responded to the Notice nor complied with its demands. Instead, despite having actual notice of Plaintiff's copyrights and infringement claims, Duke continued to import, display, market, offer for sale, and distribute the Infringing Products through its websites, Amazon and Faire storefronts, wholesale channels, and other retailers. Duke also displayed and marketed the Infringing Products at a national home textile tradeshow in Dallas, Texas on or about June 24, 2026—more than two weeks after receiving Plaintiff's Notice.

29. On June 11, 2026, Black Forest CEO, Jason Dupus ("Dupus"), contacted Duke's sales representative, Jason Sharp ("Sharp"), to advise that Duke's *Evergreen Cardinal* and *Pine Star* designs infringed AHT's copyrighted *Cardinal Pine* and *Evergreen* designs. Dupus further explained that the *Evergreen* design had been created exclusively for Black Forest as a private-label product, provided links comparing Black Forest's products with Duke's infringing listings, and demanded that Duke halt the sale of the Infringing Products. Sharp responded the following day that Duke was looking into the matter but did not commit to ceasing sales.

30. During a subsequent telephone conversation on or about June 15, 2026, Dupus reiterated that the designs were copyrighted, exclusive to Black Forest, and appeared to have been copied from Black Forest's website, and urged Duke to discard, rather than sell, its infringing inventory.

31. Instead of withdrawing the products from the market, Duke offered to sell its inventory of the infringing *Pine Star* quilts to Black Forest at a substantial discount, which Black Forest rejected.

32. Despite receiving actual notice of Plaintiff's copyrights and infringement claims, as well as repeated objections from Black Forest concerning the exclusive nature of the copied designs, Duke continued to import, display, market, offer for sale, solicit and accept orders for, and distribute the Infringing Products, including at a national home textile tradeshow in Dallas, Texas.

33. Duke, through its counsel, represented that Duke would respond to Plaintiff's June 8, 2026 cease-and-desist letter after investigating Plaintiff's allegations. To date, Duke has provided no response to those allegations.

34. Since the Dallas tradeshow, Duke has continued, and upon information and belief continues, to import, market, offer for sale, distribute, and sell the Infringing Products to wholesale and retail customers throughout the United States. Upon information and belief, Duke currently possesses approximately 4,800 units of the Infringing Products—consisting of approximately 300 Full/Queen- and 300 King-sized units of each Infringing Product—and is actively distributing that inventory to retailers, causing continuing and irreparable harm to Plaintiff.

35. Black Forest, one of AHT's largest wholesale customers and the retailer for whom AHT created the exclusive *Evergreen* design, has informed AHT that it is cancelling its Fall catalog orders because it cannot compete with Duke's lower-priced Infringing Products. Duke's

infringement has therefore caused, and continues to cause, the loss of a significant customer relationship, substantial lost sales and revenue, and injury to AHT's goodwill.

36. Duke's infringement has deprived Plaintiff of the exclusivity and competitive advantage associated with its copyrighted designs, damaged Plaintiff's goodwill among its wholesale customers, undermined Plaintiff's longstanding relationship with Black Forest, reduced the market value of the Original Works, caused lost present and future sales, and impaired Plaintiff's ability to license and commercially exploit its copyrighted works.

37. Upon information and belief, Duke knew that AHT's *Evergreen* design had been created exclusively for Black Forest. Consistent with that knowledge, when Duke's sales representative initially presented Duke's new bedding collection to Black Forest, Duke omitted the Infringing Products corresponding to the exclusive *Evergreen* design. Duke later separately offered the Evergreen Infringing Products directly to Black Forest at a substantial discount. Duke's selective omission of the Infringing Products from its customary product presentation, followed by its subsequent attempt to sell those products to Black Forest, supports a strong inference that Duke knew the Infringing Designs copied AHT's copyrighted works and intentionally interfered with AHT's exclusive relationship with Black Forest.

38. Duke's continued importation, marketing, offering for sale, distribution, and sale of the Infringing Products after receiving actual notice of AHT's copyrights and infringement claims constitutes willful infringement under the Copyright Act and entitles AHT to seek enhanced statutory damages pursuant to 17 U.S.C. § 504(c)(2), together with an award of attorneys' fees and costs pursuant to 17 U.S.C. § 505.

39. Unless immediately enjoined, Duke will continue to import, market, offer for sale, distribute, and sell the Infringing Products, causing AHT continuing and irreparable harm,

including loss of control over its copyrighted works, injury to its reputation and goodwill, erosion of the exclusivity and value of the Original Works, loss of existing and prospective customer relationships, and other injuries for which monetary damages alone cannot provide an adequate remedy.

**FIRST CLAIM FOR RELIEF**

(Copyright Infringement — 17 U.S.C. § 501 — Against All Defendants)

40. Plaintiff repeats, realleges, and incorporates by reference each of the preceding paragraphs as though fully set forth herein.

41. Plaintiff is, and at all relevant times has been, the sole owner of all right, title, and interest in and to the Original Works.

42. The Original Works are original works of authorship and copyrightable subject matter under 17 U.S.C. § 102(a).

43. Plaintiff has complied in all respects with the requirements of the Copyright Act, and the United States Copyright Office has issued valid Certificates of Registration for each of the Original Works, as set forth above.

44. Plaintiff possesses the exclusive rights under 17 U.S.C. § 106 to reproduce, prepare derivative works of, distribute copies of, and publicly display the Original Works.

45. Without Plaintiff's authorization, Defendants reproduced and copied protectable expression embodied in the Original Works and violated Plaintiff's exclusive rights by manufacturing, importing, marketing, publicly displaying, offering for sale, distributing, and selling the Infringing Products bearing the Infringing Designs, in violation of 17 U.S.C. §§ 106, 501, and 602.

46. Defendants had access to the Original Works through, among other things, Plaintiff's widespread marketing and sale of products embodying the Original Works, including through Plaintiff's website, wholesale customers, and retail distribution channels.

47. Defendants' access is further evidenced by the striking similarities between the Original Works and the Infringing Designs.

48. Plaintiff provided Duke with written notice identifying Plaintiff's copyrights, the Infringing Designs, and the Infringing Products. Despite receiving actual notice of Plaintiff's copyrights and infringement claims, Defendants continued to import, market, offer for sale, distribute, and sell the Infringing Products.

49. Upon information and belief, the Doe Defendants participated in, facilitated, supplied, manufactured, imported, distributed, marketed, offered for sale, and/or sold the Infringing Products, or otherwise materially contributed to and benefited from the infringing conduct alleged herein.

50. Defendant Duke’s continued infringement after receiving actual notice of Plaintiff's copyrights was knowing, intentional, and willful within the meaning of 17 U.S.C. § 504(c)(2).

51. As a direct and proximate result of Defendants' infringement, Plaintiff has suffered and continues to suffer substantial damages, including lost sales, lost profits, price erosion, injury to its goodwill and reputation, loss of control over its copyrighted works, and the loss of significant customer relationships. Defendants have also realized profits attributable to their infringement that are subject to disgorgement pursuant to 17 U.S.C. § 504(b).

52. Plaintiff is entitled to recover its actual damages and Defendants' profits attributable to the infringement, or, at Plaintiff's election, statutory damages pursuant to 17 U.S.C. § 504(c), including

enhanced statutory damages for willful infringement under § 504(c)(2), together with its reasonable attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

## SECOND CLAIM FOR RELIEF

(Contributory and/or Vicarious Copyright Infringement — Against All Defendants)

53. Plaintiff repeats, realleges, and incorporates by reference each of the preceding paragraphs as though fully set forth herein.

54. Upon information and belief, Defendants, and each of them, knowingly induced, participated in, aided, abetted, and profited from the unauthorized reproduction, importation, distribution, and sale of the Infringing Products, with knowledge of the infringing nature of that conduct.

55. Upon information and belief, Defendants, and each of them, had the right and ability to supervise or control the infringing conduct alleged herein and had a direct financial interest in that conduct.

56. Upon information and belief, one or more Doe Defendants designed, manufactured, or supplied the Infringing Products bearing the Infringing Designs.

57. Regardless of whether Duke itself created the Infringing Designs, Duke acquired, imported, marketed, displayed, offered for sale, distributed, and sold the Infringing Products throughout the United States for its own commercial benefit, and materially contributed to and profited from the infringement of Plaintiff's exclusive rights under the Copyright Act.

58. Upon information and belief, Duke had the practical ability to prevent or limit the infringement by refusing to purchase, import, market, distribute, or sell the Infringing Products, including after receiving actual notice of Plaintiff's copyrights and infringement claims. Instead, Duke continued to commercially exploit the Infringing Products through its websites, online

marketplaces, wholesale channels, and national trade shows, while deriving a direct financial benefit from the sale of the Infringing Products.

59. Defendants have obtained direct and indirect profits attributable to their infringement that they would not otherwise have realized, and Plaintiff is entitled to disgorgement of those profits in an amount to be established at trial.

60. Defendants' acts of infringement were willful, intentional, and malicious, entitling Plaintiff to enhanced statutory damages under 17 U.S.C. § 504(c)(2) of up to $150,000 per work infringed. Plaintiff will elect, within the time permitted by law, between an award of actual damages and profits, or statutory damages.

61. Plaintiff is entitled to all damages and remedies available under 17 U.S.C. § 504, et seq., as well as its attorneys' fees and costs under 17 U.S.C. § 505.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants, and each of them, as follows:

A. A judgment that Defendants have infringed Plaintiff's copyrights in the Original Works in violation of 17 U.S.C. § 501;

B. A preliminary and permanent injunction enjoining Defendants, and each of their respective officers, agents, servants, employees, and all persons acting in concert with them, from manufacturing, importing, marketing, displaying, distributing, offering for sale, selling, or otherwise trafficking in the Infringing Products or any other material that infringes Plaintiff's copyrights in the Original Works;

C. An order impounding all Infringing Products, and all plates, molds, and other means for making the same, in Defendants' possession or control, pursuant to 17 U.S.C. § 503(a), and ordering their destruction pursuant to 17 U.S.C. § 503(b);

D. An award to Plaintiff of Defendants' profits and Plaintiff's losses attributable to the infringement, in an amount to be proven at trial, or, at Plaintiff's election prior to final judgment, an award of statutory damages under 17 U.S.C. § 504(c), including enhanced statutory damages for willful infringement of up to $150,000 per work infringed;

E. An award to Plaintiff of its reasonable attorneys' fees and costs pursuant to 17 U.S.C. § 505;

F. An award of pre-judgment and post-judgment interest as allowed by law;

H. Such other and further relief as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues so triable, pursuant to Federal Rule of Civil Procedure 38 and the Seventh Amendment to the United States Constitution.

Dated: July 22, 2026

Respectfully submitted,

AXENFELD LAW GROUP LLC

/s/ Dmitry Lapin
Dmitry Lapin, Esq.
2001 Market St. #2500
Philadelphia PA 19103
917-979-4570
dmitry@axenfeldlaw.com

DANCHUK LAW, LLC

/s/ Emily A. Danchuk
Emily A. Danchuk, Esq.

244 Fifth Ave, Ste E121
New York, NY 10001
Tel: (207) 747-4135
Email: emily@emilyesquire.com

*Attorneys for Plaintiff American Heritage Textiles, LLC*